UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

---

**DAVID BRILL**
1574 Elephant Road
Perkasie, PA 18944

Vs.                                                                 No.

**OFC. MADISYN EINFALT #477**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**OFC. JEREMY BANKS #472**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**OFC. ROBERT CONSTABLE #442**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**JOHN DOE POLICE OFFICER #1**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**JOHN DOE POLICE OFFICER #2**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**JOHN DOE POLICE OFFICER #3**
Bethlehem Police Department
10 East Church Street,
Bethlehem, PA 18018
AND
**WIND CREEK BETHLEHEM**
77 Wind Creek Blvd,
Bethlehem, PA 18015-7705
AND

**WIND CREEK BETHLEHEM, LLC**
CT Corporation System
600 N. 2nd Street, #401
Harrisburg, PA 17101
AND
**WIND CREEK HOSPITALITY**
77 Wind Creek Blvd,
Bethlehem, PA 18015-7705
AND
**WIND CREEK REALTY, LLC**
2 Street Road
Newtown Square, PA 19073-1014
AND
**WIND CREEK BETHLEHEM RETAIL, LLC**
CT Corporation System
600 N. 2nd Street, #401
Harrisburg, PA 17101
AND
**JOHN DOE INC.**
77 Wind Creek Blvd,
Bethlehem, PA 18015-7705
AND
**JOHN DOE #4**
77 Wind Creek Blvd,
Bethlehem, PA 18015-7705

## CIVIL COMPLAINT

## INTRODUCTION

1. This is an action for monetary damages brought under Pennsylvania state law for the assault and battery and negligence by Plaintiff against Defendants, and under the United States Constitution for constitutional violations suffered by the Plaintiff as a result of the actions of the Defendants.

## PARTIES

2. Plaintiff, David Brill, at all times relevant to this Complaint, is a resident of the City and County of Philadelphia and Commonwealth of Pennsylvania who has an address located at 1574 Elephant Road, Perkasie, PA 18944.

3. Defendant, Ofc. Madisyn Einfalt #477, at all times pertinent to this Complaint, was and is employed by the City of Bethlehem and the Bethlehem Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the Bethlehem Police Department and/or the City of Bethlehem and is being sued in her individual and official capacity.  This is the Defendant who is identified as Madisyn Einfalt.



4. Defendant, Ofc. Jeremy Banks #472, at all times pertinent to this Complaint, was and is employed by the City of Bethlehem and the Bethlehem Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the Bethlehem Police Department and/or the City of Bethlehem and is being sued in his individual and official capacity.  This Defendant is identified in the police paperwork as "Ofc. Banks #472".  His last name is not provided, but upon research, information and belief his first name is Jeremy.  To the extent his name is not "Jeremy" this Defendant is intended to be identified as "Ofc. Banks #472".  This is the Defendant who is identified as Jeremy Banks.



Ofc. Banks #472 and I attempted to handcuff the other involved male and as Ofc. Banks grabbed the male's arm, the DEFENDANT proceeded to grab Ofc. Banks's arm and pull it away from the male he was attempting to arrest. Officers then took the DEFENDANT to the ground and gave him multiple commands to place his arms behind his back. The DEFENDANT (CONTINUED NEXT PAGE)

5. Defendant, Ofc. Robert Constable #442, at all times pertinent to this Complaint, was and is employed by the City of Bethlehem and the Bethlehem Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the Bethlehem Police Department and/or the City of Bethlehem and is being sued in his individual and official capacity. This is the Defendant who is identified as Robert Constable.



6. Defendant John Doe Police Officer #1, at all times pertinent to this Complaint, was and is employed by the City of Bethlehem and the Bethlehem Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the

Bethlehem Police Department and/or the City of Bethlehem and is being sued in her individual and official capacity. To the extent the above identification of Ofc. Madisyn Einfalt #477 is incorrect, this Defendant John Doe Police Officer is intended to bring a claim against the below individual who was involved in the assault and battery of the Plaintiff



7. Defendant John Doe Police Officer #2, at all times pertinent to this Complaint, was and is employed by the City of Bethlehem and the Bethlehem Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the Bethlehem Police Department and/or the City of Bethlehem and is being sued in his individual and official capacity. To the extent the above identification of Ofc. Robert Constable #442 is incorrect, this Defendant John Doe Police Officer is intended to bring a claim against the below individual who was involved in the assault and battery of the Plaintiff.



8. Defendant John Doe Police Officers # 3, at all times pertinent to this Complaint, were and are employed by the City of Bethlehem and the Bethlehem Police Department as police officers, acting under the color of state law pursuant to official policy, custom or practice of the Bethlehem Police Department and/or the City of Bethlehem and is being sued in his individual and official capacity. To the extent the above identification of Ofc. Jeremy Banks #472 is incorrect, this Defendant John Doe Police Officer is intended to bring a claim against the below individual who was involved in the assault and battery of the Plaintiff



9. Jurisdiction exists in this court pursuant to 28 USC § 1331 and 1343 as this action is brought under the Fourth Amendment to the United States Constitution and 42 § 1983 to redress the deprivation of rights, privileges and immunities granted upon Plaintiff by the constitutional and statutory provisions.

10. Venue is proper in this court because all causes of action occurred within the Eastern District of Pennsylvania.

**ALLEGATIONS COMMON TO ALL COUNTS**

11. On or about February 13, 2022, the Plaintiff David Brill was a guest and business invitee at the Wind Creek Bethlehem Hotel and Casino which was owned, managed, and/or staffed by one or more of the "Wind Creek" Defendants.

12. His son Karl became intoxicated and was told to leave the casino floor and the Plaintiff directed him to go up to his room.

13. His son did not have a key, so the Plaintiff went to give him a key to allow him to get up the elevator.

14. When the Plaintiff got to the elevator to give his son a room key, the Plaintiff noticed his son was intoxicated, and the Defendant Police Officers shortly thereafter approached him.

15. The Plaintiff instructed his son to stay quiet, cooperate with the Defendant Police Officers.

16. Intoxicated, his son was somewhat nonsensical, so the Plaintiff attempted to ensure his son was complying with law enforcement, and essentially told his son to stay still, be quiet, and cooperate.

17. The Defendants then went to arrest the Plaintiff's son while they were talking and the Plaintiff, in a completely non-combative and non-threatening manner asked the police offer what he was being arrested for, and put his hands out.

18. Inexplicably, the Defendant Officer, upon information and belief Officer Banks, and/or John Doe Officer #2 pushed the Plaintiff backwards for no reason in an excessive manner which constituted an assault and battery.

19. The Plaintiff at no time struck or threatened or presented any threat to the Defendants.

20. Then, Defendant Officer Constable grabbed the Plaintiffs arm, began to twist it behind his back in an excessive manner which constituted an assault and battery.

21. He then slammed the Plaintiff on the ground, striking his head on the ground and his arm was broken while being taken to the ground.

22. He was assisted in his assault and battery and use of excessive force by Defendant John Doe #4 who was working in his capacity as a security guard for one or more of the Wind Creek Defendants.

23. While Plaintiff was on the ground, his head was slammed into the ground multiple times by one or more of the Defendants, which was excessive, unnecessary, and constituted an assault and battery on the Plaintiff and was unauthorized under the law.

24. As a result of the aforementioned actions and failures, Plaintiff David Brill has suffered both serious mental and physical injuries, including but not limited to a concussion, mild traumatic brain injury, fractured arm, broken bones in the body, severe scarring and disfigurement, post traumatic anxiety and depression, severe damages to his nerves and nervous system, and various other ills and injuries which the Plaintiff yet suffers, and may continue to suffer for an indefinite period of time into the future.

25. As a further result of the aforesaid actions and failures, Plaintiff David Brill has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses which the Plaintiff may continue to expend and incur for an indefinite time into the future.

26. As a further result of the aforesaid actions and failures Plaintiff David Brill has suffered or may suffer a severe loss of his earnings and impairment of his earing capacity and power, all of which may continue indefinitely into the future.

27. As a further result of the aforesaid actions and failures, the Plaintiff David Brill has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

28. As a further result of the aforesaid actions and failures, the Plaintiff, David Brill has suffered a diminution of his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

**COUNT I**
**2 § U.S.C. 1983 EXCESSIVE FORCE**
**DAVID BRILL V. OFC. ROBERTY CONSTABLE #442, OFC. JEREMY BANKS #472, OFC. MADISYN EINFALT #477, JOHN DOE POLICE OFFICER #1, JOHN DOE POLICE OFFICER #2, JOHN DOE POLICE OFFICER #3 INDIVIDUALLY AND**
**IN THEIR OFFICIAL CAPACITY**

29. Plaintiff David Brill incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

30. By the conduct set forth above Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's actions as to the Plaintiff were wrongful, malicious, and reckless in a manner which deprived the Plaintiff of his constitutional rights as set forth more fully below.

31. Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's had a duty avoid unjustified bodily injury to the Plaintiff and others similarly situated, and to respect and not violate his constitutional rights.

32. Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe

Police Officer #3's actions acted in an objectively unreasonable manner for a police officer and without justification or the actual need to do so, used excessive force without legal justification.

33. Plaintiff posed no threat to the Defendants or any other officer in any objective way and posed no objective immediate threat to the safety of the Defendants.

34. Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's were not provoked, and the Plaintiff was not combative and posed no risk of physical injury to any police officer or person. The force was not objectively reasonable, justifiable or necessary under the circumstances.

35. Defendants actions were not objectively reasonable because they followed a procedure that fails to properly instruct officers on the proper use of force and against excessive force in a non-threatening interaction.

36. Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's actions violated and denied the Plaintiff his right to be free from the excessive use of force under the 4th Amendment to the United States Constitution.

37. Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's use of force was objectively unnecessary, excessive and unreasonable under the circumstances as Plaintiff did not pose an immediate threat to the safety of Defendants used a dangerous and combative arm lock on the Plaintiff, "body slammed" him into the ground and otherwise assaulted the Plaintiff which was unnecessary under the

circumstances.

38. This use of force was excessive, and the action by Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's were willful, malicious, reckless, and outrageous that was intended to cause injury, and did in fact cause injury as set forth above.

39. These actions and failures were the proximate cause of the injuries and constitutional violations suffered by the Plaintiff.

WHEREFORE, Plaintiff David Brill demands judgment against the Defendants Ofc. Robert Constable #442, Ofc. Jeremy Banks #472, Ofc. Madisyn Einfalt #477, John Doe Police Officer #1, John Doe Police Officer #2, and John Doe Police Officer #3's, jointly and/or severally pursuant 42 § U.S.C. 1983 to in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages, attorney's fees, costs under 42 § U.S.C. 1985 and 1988, delay damages and interest as well as any general and specific damages and such other further relief the court shall deem appropriate.

## COUNT II
## ASSAULT AND BATTERY
## DAVID BRILL V. ALL DEFENDANTS

40. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

41. By the conduct set forth above, by physically assaulting, battering, and shooting Plaintiff, Defendants, each individually and jointly and/or severally, used unreasonable force and caused and intended to cause harmful and offensive contact with the body of Plaintiff same constituting assault and battery.

42. By the conduct set forth above, Defendants, each individually and jointly and/or severally, caused and intended to cause Plaintiff immediate and harmful injury.

43. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

WHEREFORE, Plaintiff David Brill demands judgment against Defendants, Ofc. Madisyn Einfalt, Ofc. Jeremy Banks, Ofc. Robert Constable, John Doe Officer # 1, John Doe Officer # 2, John Doe Officer # 3, Wind Creek Bethlehem, Wind Creek Bethlehem, LLC, Wind Creek Realty, LLC, Wind Creek Bethlehem Hospitality, Wind Creek Bethlehem Hospitality, LLC, Wind Creek Bethlehem Retail, LLC, John Doe Inc., and John Doe #4 and each of them, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, costs and such other further relief the court shall deem appropriate.

## COUNT III
## DAVID BRILL V. WIND CREEK BETHLEHEM, WIND CREEK BETHLEHEM, LLC, WIND CREEK REALTY, LLC, WIND CREEK HOSPITALITY, LLC, WIND CREEK HOSPITATLITY, WIND CREEK BETHLEHEM RETAIL, LLC, JOHN DOE INC., JOHN DOE #4
## NEGLIGENCE

44. Plaintiffs incorporate by reference all of the above paragraphs as if set forth in full herein

45. At all times relevant hereto, Plaintiff was a business invitee, lawfully upon the premises of the Wind Creek Bethlehem and Defendants owed him the highest duty of care.

46. Defendants were vicariously responsible for the actions and/or inactions of their agents, ostensible agents, employees, and/or contractors, including Defendant John Doe #4 who is identified as this individual.



47.  Plaintiff avers that Defendant, jointly and/or severally, and their agents, servants, workmen and/or employees were negligent, careless, and/or reckless in:

   a. failing to protect Plaintiff from being harmed by their security guards;

   b. failing to exercise reasonable care and caution in protecting Plaintiff from the assault and violent actions;

   c. failing to properly supervise the premises, specifically their security guards;

   d. failing to provide adequate protection for Plaintiff while lawfully upon said premises;

   e. failure to provide a safe environment for Plaintiff and other persons lawfully upon said premises;

   f. failure to provide appropriate and sufficient supervisory security personnel to ensure the safety of the Plaintiff and persons similarly situated;

   g. failure to train their security guards;

   h. failure to check into the background of their security guards;

   i. failure to provide appropriate security measures, systems, and/or personnel;

   j. failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon;

   k. failing to properly train its agents, servants, workers and/or employees on how to respond to situations involving the safety of a business invitee such as the Plaintiff;

   l. failing to have in place policies and procedures which could have been followed and which would have ensured and assured that Plaintiff would

        not have been attacked and suffered the injuries and damages described hereinabove; and

    m.    failing to supervise its agents, servants, workers and/or employees so as to assure and ensure that they were performing their duties as security personnel in a competent manner which failure to so supervise resulted in Plaintiffs sustaining the aforementioned injuries and damages.

    n.    failure to have adequate security protocols and/or personnel on the premises to protect their employees, agents, contractors and patrons from known dangers of violence;

    o.    failing to have an adequate number of trained, qualified security employees on duty;

    p.    negligence in the performance of services it undertook, either gratuitously or for consideration, namely in order to attract and retain tenants, necessary for the protection of the Plaintiff person and things as this negligence increased the risk of harm to the Plaintiff;

    q.    liability under the Restatement of Torts, 323;

    r.    liability under the Restatement of Torts, 324.

48. The negligence and/or carelessness, recklessness, of the Defendants, as set forth above was a proximate cause of the Plaintiff's injuries, as set forth herein.

WHEREFORE, Plaintiff David Brill, demands judgment against Defendants, Wind Creek Bethlehem, Wind Creek Bethlehem, LLC, Wind Creek Realty, LLC, Wind Creek Bethlehem Hospitality, Wind Creek Bethlehem Hospitality, LLC, Wind Creek Bethlehem Retail, LLC, John Doe Inc., and John Doe #4 and each of them, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, costs and such other further relief the court shall deem appropriate.

**STAMPONE O'BRIEN DILSHEIMER**

By: _____/s/ Kevin P. O'Brien_____
KEVIN P. O'BRIEN, ESQUIRE
Attorney ID:   313081
500 Cottman Avenue
Cheltenham, P.C.
(p) (215) 663-0400
(f) (215) 663-9112
kobrien@stamponelaw.com
Attorney for Plaintiff