IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BRILL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:24-cv-00644-JMG |
| | : | |
| OFC. MADISYN EINFALT #477, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 28th day of May 2024, upon consideration of Defendant Wind Creek Bethlehem, LLC's Motion to Dismiss (ECF No. 28) and Plaintiff's Response in Opposition (ECF No. 32), **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 28) is **DENIED**.[1]

---

[1] Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

Plaintiff brings two counts against Defendant Wind Creek Bethlehem, LLC including negligence and assault and battery. Defendant moves to dismiss the negligence count. In order to establish a negligence claim, plaintiff must allege "(1) the existence of a duty or obligation recognized by law; (2) a failure on the part of the defendant to conform to that duty, or a breach thereof; (3) a causal connection between the defendant's breach and the resulting injury; and, (4) actual loss or damage suffered by the complainant." *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 938 (Pa. Super. Ct. 2002). Here, Plaintiff alleges negligent and/or reckless actions that would constitute a breach of Defendant's duty of care and possible causes of damages. *See* ECF No. 1 at ¶ 47. Although Defendant argues that "many of the allegations have no relationship to the case" (ECF No. 28-5 at 10), some of the allegations do. Specifically, Plaintiff alleges that Defendant failed to train the security guards on how to respond in an appropriate manner to a situation involving safety and to have proper policy and procedures in place to prevent injury to

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Plaintiff. *See* ECF No. 1 at ¶ 47. These allegations are relevant because Plaintiff also alleges that a security guard employed by Defendant along with the police officers committed an assault and battery during the incident where Plaintiff was injured. *See* ECF No. 1 at ¶¶ 22-23. Assuming these allegations to be true, a showing of negligence is possible at this stage of litigation.

      Additionally, Defendant seeks to have punitive damages dismissed. Although Defendant only discusses punitive damages for negligence, Plaintiff also seeks punitive damages for the assault and battery count. *See id.* at ¶ 47. Even though Defendant asserts that punitive damages are not applicable for ordinary negligence cases, the Supreme Court of Pennsylvania has found otherwise. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 773 (Pa. 2005). At this stage in the litigation, the alleged assault and battery and the corresponding alleged negligence *could* amount to the required outrageous, willful, wanton, or reckless conduct necessary to establish punitive damages. *See id.* at 770.